IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELVIN JEFFERY FAIR (Inmate #388398),
  Plaintiff,

vs.            Case No. 5:07cv162/RS/EMT

SECRETARY DEPARTMENT OF
CORRECTIONS, et al.,
  Defendants.

_____/

**REPORT AND RECOMMENDATION**

  Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Florida (Doc. 1, Attach. 2). The case was subsequently transferred to the Northen District (*see* Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4).

  Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

  Section IV.D. of the civil rights complaint form asks, "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case" (Doc. 1, Attach. 2 at 5). In the space provided for answering this question, Plaintiff marked horizontal lines throughout the space, indicating that he has not had any previous federal court action(s) dismissed as frivolous, malicious, or for failure

to state a claim (*see id.*, Attach. 2 at 6).  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**" (*id.*, Attach. 2 at 10).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, on or about June 25, 2007, he had previously filed: Fair v. Chiles, No. 4:95cv40102/WS (N.D. Fla. July 19, 1995) (dismissed under 28 U.S.C. § 1915(d) as frivolous) and Fair v. M.D. Long Ngao Do, No. 2:91cv14138/DLG (S.D. Fla. Nov. 25, 1992) (dismissed for failure to state a claim).[1]  Plaintiff did not list these cases in Section IV of the complaint form, even though he was required to do so.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915(g).  The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations.  Plaintiff has affirmatively misrepresented the facts to this court.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause

---

[1] The inmate number of the plaintiff in each of these cases (#388398) is the same as Plaintiff's.

Case No. 5:07cv162/RS/EMT

without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 19th day of July 2007.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).